IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARQUIS TAYLOR,

      **Plaintiff,**

      v.                                                              Civil Action No. 3:25cv903

GOVERNOR GLENN YOUNGKIN,

      **Defendant.**

## MEMORANDUM OPINION

Marquis Taylor, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this

42 U.S.C. § 1983 action.[1]  The matter is before the Court on Mr. Taylor's Complaint, (ECF

No. 1), for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any

action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The

first standard includes claims based upon "an indisputably meritless legal theory," or claims

where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an action
> at law . . . .

42 U.S.C. § 1983.

Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  Summary of Allegations and Claims

On September 29, 2008, in the Circuit Court for the City of Hopewell, Mr. Taylor was found guilty of possession with intent to distribute marijuana. (ECF No. 2 ¶ 2.) Mr. Taylor was sentenced to nine and a half years of imprisonment. (ECF No. 2 ¶ 2.)

"During the 2025 General Assembly Session, the Governor failed to sign into law the bill that would have grant[ed] previous marijuana convictions a hearing to be resentence[d] to a fine, and it deprived complainant . . . liberty." (ECF No. 2 ¶ 16.) Mr. Taylor contends that the Governor's failure to sign into law the above bill denied him due process.[2] (ECF No. 1 ¶ 18.)

Mr. Taylor requests that the Court order the Governor "to remit a fine according to the Constitution of Virginia, Article V Executive, Section 12, Executive Clemency." (ECF No. 1 ¶ 20.)

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

3

## III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Mr. Taylor's theory for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). Mr. Taylor contends he was denied due process by the Governor's failure to sign into law a bill that would allow him to resentenced to fine for his marijuana conviction. Mr. Taylor does not enjoy any liberty interest in having the law at issue in this case passed by the Governor. *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981) (observing that inmate's "unilateral hope" fails to give rise to a protected liberty interest) (citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 11 (1979))). Accordingly, Mr. Taylor's claim will be dismissed for failure to state a claim and legally frivolous.

## IV. Conclusion

Mr. Taylor's claims will be DISMISSED for failure to state a claim and as legally frivolous. The Clerk will be DIRECTED to note the disposition for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 4/30/26
Richmond, Virginia

/s/ M. Hannah Lauck
Chief United States District Judge

4